UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

JUSTIN FINEHOUT and
KEVYN KIRKLAND,

      Plaintiffs,
vs.

BDE FLORIDA, LLC,

      Defendant.
_____/

**PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs, JUSTIN FINEHOUT and KEVYN KIRKLAND (collectively "Plaintiffs"), bring this action for unpaid overtime compensation, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b) (the "FLSA"), and Florida Statute § 448.08, against BDE FLORIDA, LLC ("Defendant") and allege as follows:

**PARTIES**

1. Defendant BDE FLORIDA, LLC is a Delaware corporation that owns and operates approximately twenty-six (26) Taco Bell franchise locations.

2. Defendant conducts business at 3129 Christopher's Watch Lane, Ruskin, Florida 33570.

3. Plaintiff JUSTIN FINEHOUT was employed by Defendant and worked out of Defendant's office located at 3129 Christopher's Watch Lane, Ruskin, Florida 33570.

4. Plaintiff KEVYN KIRKLAND was employed by Defendant and worked out of Defendant's office located at 3129 Christopher's Watch Lane, Ruskin, Florida 33570.

1

## JURISDICTIONAL ALLEGATIONS

5. This court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 216(b), because this action involves a federal question under the FLSA.

6. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a), as this claim is related to Plaintiffs' federal claims and arises from the same case or controversy as Plaintiffs' FLSA claims.

7. This Court has original and personal jurisdiction over this action because Defendant engaged in business within the State of Florida, and the action complained of occurred in Florida.

8. Venue is proper in the Tampa Division of the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(2) and the Local Rule for the United States District Court, Middle District of Florida 1.02(c) because the events giving rise to these claims occurred in this jurisdiction and Defendants conduct business in this jurisdiction.

9. Plaintiffs may prosecute their claims jointly pursuant to Fed. R. Civ. P. 20(a)(1), because their claims arise from the same transaction, occurrence, or series of transactions and occurrences, and common questions of law and fact will govern this action.

## GENERAL ALLEGATIONS

10. This action is brought under the FLSA and Florida common law to recover from Defendant unpaid overtime compensation, unpaid wages, liquidated damages, and reasonable attorneys' fees and costs.

11. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, as defined by 29 U.S.C. §§203(r) and 203(s).

12. Defendant owns and operates approximately twenty-six (26) Taco Bell franchise

locations. At all material times relevant to this action, Defendant had gross revenues of at least $500,000.00 annually and employed employees engaged in commerce or in the production of goods for commerce. For example, employees employed by Defendant used, ordered, maintained and repaired tools and equipment, including cooking machinery and appliances, equipment and building materials that were moved in or produced for commerce. In addition, employees employed by Defendant received, handled, and otherwise sold goods that were moved in interstate commerce, to customers both from Florida and outside of Florida.

13. Plaintiffs' duties as employees of Defendant consisted of travelling to each Taco Bell location and performing whatever maintenance and/or repair work Defendant determined was needed.

14. Plaintiffs were involved in interstate commerce.

15. Plaintiffs have satisfied all conditions precedent, or they have been waived.

16. Plaintiffs have hired the undersigned attorneys and have agreed to pay them a fee.

17. Plaintiffs requests a jury trial for all issues so triable.

18. This claim challenges Defendants' willful and intentional misclassification of Plaintiffs as exempt from the FLSA's overtime requirements.

19. At all material times, Plaintiffs were "employees" of Defendants.

20. At all material times, Defendants "employed" Plaintiffs.

21. The work performed by Plaintiffs was integral to Defendant's business.

22. Defendant paid Plaintiffs a fixed weekly salary irrespective of the hours worked or nature of the work performed by Plaintiffs.

23. Defendant maintained control over all aspects of Plaintiffs' activities. Specifically,

Defendant supervised Plaintiffs and exerted control over their day-to-day activities and set all conditions of Plaintiffs' employment.

24. Defendant routinely required Plaintiffs to work in excess of forty (40) hours per workweek.

25. Defendant willfully and intentionally refused to pay Plaintiffs for hours worked over forty (40) during many workweeks.

26. Defendant supplied Plaintiffs with the tools, equipment and supplies required to fulfill their job duties. Conversely, Plaintiffs did not make significant investments in the tools, equipment and supplies required to fulfill their job duties.

27. Upon information and belief, the records, to the extent they exist, concerning the number of hours and amounts paid to Plaintiffs are in the possession, custody and control of Defendant. If these records become unavailable, Plaintiffs may establish the hours they worked solely by their testimony, and the burden of overcoming such testimony shifts to the employer. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

28. Although the FLSA provides for certain exemptions to the mandates of paying overtime compensation, "exemptions under the FLSA are to be construed narrowly against the employer who asserts them," and "an employer who claims an exemption from the FLSA has the burden of showing that the exemption applies." *Hogan v. Allstate Ins. Co.*, 361 F.3d 621, 625 (11th Cir. 2004).

29. No exemption to the FLSA's overtime mandates apply in this case.

30. Defendant is a sophisticated employer with access to the information and resources necessary for compliance with the FLSA and other applicable laws.

31. Upon information and belief, Defendant did not rely on professional legal advice or

any Department of Labor opinions when it unlawfully misclassified its employees as exempt from the FLSA's overtime requirements.

### ALLEGATIONS SPECIFIC TO PLAINTIFF FINEHOUT

32.Mr. Finehout was employed by Defendant from August 2019 to June 16, 2020. Mr. Finehout was regularly directed to work in excess of forty (40) hours per week.

33.Mr. Finehout was non-exempt from the FLSA's overtime requirements.

34.Despite regularly working over forty (40) hours per week, Mr. Finehout was paid a set salary each week, regardless of the number of hours he actually worked.

### ALLEGATIONS SPECIFIC TO PLAINTIFF KIRKLAND

35.Mr. Kirkland was employed by Defendant from January 2018 to June 16, 2020. Mr. Kirkland was regularly directed to work in excess of forty (40) hours per week.

36.Mr. Kirkland was non-exempt from the FLSA's overtime requirements.

37.Despite regularly working over forty (40) hours per week, Mr. Kirkland was only paid for forty (40) hours of work each workweek.

### COUNT I: MISCLASSIFICATION OF PLAINTIFF FINEHOUT AS EXEMPT FROM FLSA REQUIRED OVERTIME

38.Plaintiff Finehout reincorporates and readopts all allegations contained within Paragraphs 1-37 above.

39.Plaintiff Finehout was an employee of Defendant pursuant to the FLSA.

40.Plaintiff Finehout performed non-exempt job duties.

41.Defendant was aware Plaintiff Finehout was performing non-exempt job duties.

42.Plaintiff Finehout was entitled to be paid time and one-half his regular rate of pay for

each hour worked in excess of forty (40) per workweek.

43. During his employment with Defendant, Plaintiff Finehout regularly worked overtime hours but was not paid time and one-half compensation for the same.

44. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff Finehout time and one-half his regular rate of pay for each hour worked in excess of forty (40) per workweek in one or more workweeks, Plaintiff Finehout has suffered damages and is incurring reasonable attorneys' fees and costs.

45. Defendant was aware that Plaintiff Finehout performed non-exempt job duties but still refused to pay Plaintiff Finehout overtime for hours worked over forty (40).

46. Defendant did not maintain and keep accurate time records as required by the FLSA for Plaintiff Finehout.

47. Defendant failed to post required FLSA informational listings as required by the FLSA.

48. Defendant's conduct was in reckless disregard of the overtime requirements of the FLSA.

49. Defendant willfully violated the FLSA.

50. Plaintiff Finehout is entitled to liquidated damages.

WHEREFORE, Plaintiff Finehout demands judgment against Defendant for payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by him for which Defendant did not properly compensate him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and all further relief that this Court deems to be just and appropriate.

## COUNT II: MISCLASSIFICATION OF PLAINTIFF KIRKLAND AS EXEMPT FROM FLSA REQUIRED OVERTIME

51. Plaintiff Kirkland reincorporates and readopts all allegations contained within Paragraphs 1-37 above.

52. Plaintiff Kirkland was an employee of Defendant pursuant to the FLSA.

53. Plaintiff Kirkland performed non-exempt job duties.

54. Defendant was aware Plaintiff Kirkland was performing non-exempt job duties.

55. Plaintiff Kirkland was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per workweek.

56. During his employment with Defendant, Plaintiff Kirkland regularly worked overtime hours but was not paid time and one-half compensation for the same.

57. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff Kirkland time and one-half his regular rate of pay for each hour worked in excess of forty (40) per workweek in one or more workweeks, Plaintiff Kirkland has suffered damages and is incurring reasonable attorneys' fees and costs.

58. Defendant was aware that Plaintiff Kirkland performed non-exempt job duties but still refused to pay Plaintiff Kirkland overtime for hours worked over forty (40).

59. Defendant did not maintain and keep accurate time records as required by the FLSA for Plaintiff Kirkland.

60. Defendant failed to post required FLSA informational listings as required by the FLSA.

61. Defendant's conduct was in reckless disregard of the overtime requirements of the FLSA.

62. Defendant willfully violated the FLSA.

63. Plaintiff Finehout is entitled to liquidated damages.

WHEREFORE, Plaintiff Kirkland demands judgment against Defendant for payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by him for which Defendant did not properly compensate him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and all further relief that this Court deems to be just and appropriate.

### COUNT III: UNPAID WAGES UNDER FLORIDA COMMON LAW AS TO PLAINTIFF FINEHOUT

64. Plaintiff Finehout realleges and readopts the allegations set forth in Paragraphs 1-37 above, as if fully set forth herein.

65. Plaintiff Finehout worked for Defendant during the statutory period.

66. Defendant agreed to pay Plaintiff Finehout for his services.

67. Defendant failed to compensate Plaintiff Finehout for all wages owed for the work performed.

WHEREFORE, Plaintiff Finehout demands judgment against Defendant for an amount equal to Plaintiff's unpaid back wages, all costs and attorney's fees incurred in prosecuting these claims in accordance with Fla. Stat. §448.08 and for such further relief as this Court deems just.

### COUNT IV: UNPAID WAGES UNDER FLORIDA COMMON LAW AS TO PLAINTIFF KIRKLAND

68. Plaintiff Kirkland realleges and readopts the allegations set forth in Paragraphs 1-37 above, as if fully set forth herein.

69. Plaintiff Kirkland worked for Defendant during the statutory period.

70. Defendant agreed to pay Plaintiff Kirkland for his services.

71. Defendant failed to compensate Plaintiff Kirkland for all wages owed for the work performed.

WHEREFORE, Plaintiff Kirkland demands judgment against Defendant for an amount equal to Plaintiff's unpaid back wages, all costs and attorney's fees incurred in prosecuting these claims in accordance with Fla. Stat. §448.08 and for such further relief as this Court deems just.

## PRAYER FOR RELIEF

Based on the foregoing, Plaintiffs pray that the Court enter judgment against Defendant, and order Defendant pay to Plaintiffs the above referenced economic damages, liquidated damages, compensatory damages, reasonably attorneys' fees and costs incurred in this action, and all further relief that this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by this Complaint and on all other issues so triable.

DATED this 16th day of July, 2020, and respectfully submitted by:

/s/ Nicholas J. Castellano, II
Nicholas J. Castellano, II, Esq.
Florida Bar Number: 0118601
E-Mail: nick@buckmanandbuckman.com

/s/ Y. Drake Buckman, II
Y. Drake Buckman, II, Esq.
Florida Bar Number: 0137634
E-Mail: attorney@buckmanandbuckman.com

**BUCKMAN & BUCKMAN, P.A.**
2023 Constitution Blvd.
Sarasota, FL 34231
Telephone:   (941) 923-7700

Fax: (941) 923-7736

*Attorneys for Plaintiffs, Justin Finehout and Kevyn Kirkland*